Opinion issued October 9, 2003






















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00875-CR
____________
 
MICHAEL RAY BLANTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 891283
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Michael Ray Blanton, guilty of robbery. After finding
true the allegation in an enhancement paragraph that appellant had a prior felony
conviction, the trial court assessed punishment at confinement for 30 years. In six
points of error, appellant contends that the State “conducted improper voir dire of the
jury panel,” the State “engaged in a jury argument” during its opening statement, and
the evidence was legally and factually insufficient to support his conviction. We
affirm.
Facts and Procedural Background
          Norma Loera, the complainant, testified that, on October 18, 2001, appellant
walked into the waiting room of the dental clinic where she worked. Appellant asked
her about the cost of a root canal and then asked to use the restroom. While appellant
was using the restroom in the front of the clinic, the complainant escorted a patient
to a restroom in the rear of the clinic. When the complainant returned to the waiting
room, she saw appellant reach over the reception counter and grab two of her purses. 
Appellant attempted to run out the front door of the clinic with the purses, but the
complainant flicked a switch that automatically locked the door.
          Appellant then began to slam his body against the door causing the glass to
break. He told the complainant that “[she] better open that door because he had a
gun.” After making the threat, appellant “acted like, you know, he was going to get
a gun out of his, like, pant.” The complainant was “scared for her life” and for
another employee who was approximately six feet away from appellant. At this point,
the complainant flicked the automatic switch to open the door, and appellant ran out
of the clinic. The complainant then called for emergency assistance.
          Dr. David Gonzalez, a dentist and the owner of the dental clinic, testified that,
during the robbery, he heard the complainant scream, “[w]e are being robbed.” Dr.
Gonzalez ran to the front of the clinic, where he saw appellant slam his body against
the front door and then run out of the clinic. Dr. Gonzalez followed appellant
outside, got into his car and drove toward appellant, who was trying to open the trunk
of a car. Dr. Gonzalez told appellant to “stop,” and appellant stated, “I’ve got a gun.” 
Dr. Gonzalez responded, “I have a gun too,” and he fired a warning shot into the air
and fired two shots into appellant’s car. Appellant then got into the car and drove
away with Dr. Gonzalez following in his car. During the chase, Dr. Gonzalez waved
down a police officer and told him that his dental clinic had just been robbed.
          Houston Police Officer D. Taylor testified that, as he was crossing an
intersection, he noticed two cars traveling at a high rate of speed. The second car
came to a stop, and Dr. Gonzalez got out, approached Taylor, and told him that he
was chasing a man that had just robbed his dental office. Taylor then pursued
appellant and subsequently apprehended him after appellant’s car collided with a
curb.
          The record reveals that the complainant and Dr. Gonzalez identified appellant
as the perpetrator of the robbery. The record further shows that the complainant’s
two stolen purses were recovered from appellant’s car.
          In his defense, appellant testified that he did enter the dental clinic and inquire
about the cost of getting his dentures fixed. He also asked the complainant for
permission to use the restroom. After using the restroom, appellant saw two purses
and decided to steal them. Although he admitted to stealing the purses, appellant
denied threatening anyone or telling the complainant and Dr. Gonzalez that he had
a gun.
Voir Dire
          In his first point of error, appellant contends that the prosecutor improperly
argued to the venire panel that “I represent you, the citizens of Harris County,”
instead of confining her remarks “to questions calculated to determine their
qualifications to serve as fair and impartial jurors.” In his third point of error,
appellant contends that the prosecutor conducted improper voir dire when she
“indicated to the panel that she had personal knowledge of secret evidence in her
possession indicating the guilt of the appellant.” In his fourth point of error,
appellant contends that the prosecutor conducted improper voir dire when she used
a hypothetical fact situation to commit the members of the venire panel to finding
appellant guilty.
          To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection or motion, stating the specific grounds for
the ruling he desired the court to make if the specific grounds were not apparent from
the context. Tex. R. App. P. 33.1(a)(1)(A). It is also necessary for the complaining
party to obtain a ruling upon the party’s request, objection or motion. Tex. R. App.
P. 33.1(a)(2). Without proper preservation, even constitutional error may be waived. 
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Draughon v. State, 831
S.W.2d 331, 336 (Tex. Crim. App. 1992) (holding that prosecution’s improper
characterization of venire as “clients” was not preserved for appellate review because
defense failed to object).
          In regard to appellant’s first point of error, the record reveals that, although the
prosecutor told the venire panel that “not only do I represent the State of Texas in this
matter, but I represent you, the citizens of Harris County,” appellant did not object to
the comment. Having failed to object to this statement during voir dire, appellant has
preserved nothing for appellate review.
          In regard to appellant’s third point of error, the prosecutor told the venire panel,
“[i]f we all agreed with the facts as I know them and [appellant] knows them, then we
wouldn’t be here, right?” In response, appellant’s counsel stated, “Your Honor, I
might take issue with that. Sometimes you can have the same fact situation, it has
different legal implications.” The trial court then told the prosecutor to “[r]eword”
her statement. Appellant argues that the prosecutor improperly implied to the venire
panel that there was “secret evidence in her possession indicating the guilt of
appellant.” However, even assuming that appellant made a proper objection, he failed
to obtain an adverse ruling from the trial court. To preserve error for appeal, a
complaining party must not only object, but must also obtain an adverse ruling on the
record, unless the trial court refuses to rule on the objection and the complaining
party objects to the refusal. Tex. R. App. P. 33.1(a). Here, appellant neither obtained
an adverse ruling nor objected to the trial court’s ambiguous response. Thus,
appellant failed to preserve error with respect to his “secret evidence” objection.
          In regard to appellant’s fourth point of error, he argues that the prosecutor used 
an improper hypothetical “to commit the jurors to vote for a finding of guilt where the
‘hypothetical’ was factually specific to the case on trial.” However, the record shows
that appellant did not object at any time to the State’s question, and, therefore,
appellant did not preserve error for our review.
          We overrule appellant’s first, third, and fourth points of error.Opening Statement
          In appellant’s second point of error, he contends that the prosecutor committed
“prosecutorial misconduct” when she, in her opening statement to the jury, “engaged
in a jury argument regarding the ‘victim impact’ upon the complainant.”
          Appellant complains of the following remarks:
[Prosecutor]:Ladies and gentlemen, what you will hear is a
regular afternoon, October 18th, 2001. My civilian
witnesses are going about their day, working, trying
to earn a living, when this defendant, [appellant],
changed their lives forever . . .
 
[Appellant]:I object, [y]our Honor.
 
The Court:Limit your remarks to what you expect the evidence
to show.

(Emphasis added.) Appellant argues that the prosecutor’s comment was improper
“victim impact evidence” and was so prejudicial that it affected “[his] substantial
rights to a fair trial.”
          A general objection may preserve error, if the “specific grounds” for the
objection are “apparent from the context.” Tex. R. App. P. 33.1(a)(1)(A). Here, the
record indicates that the trial court understood appellant’s general objection to the
prosecutor’s comment and instructed the prosecutor to stay within the proper scope
of an opening statement. However, appellant failed to request an instruction to
disregard the comment and to move for a mistrial. Accordingly, appellant has
preserved nothing for appellate review. See Fuller v. State, 827 S.W.2d 919, 926
(Tex. Crim. App. 1992) (noting that to preserve error, “the most important procedure
is to press the specific objection to the point of obtaining an adverse ruling.”).
          We overrule appellant’s second point of error.
Sufficiency of the Evidence
          In appellant’s fifth and sixth points of error, he contends that the evidence was
legally and factually insufficient to support his conviction for robbery.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact-finder could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact-finder. Id.
          The factual sufficiency of the evidence is reviewed by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).
          Under the law applicable to this case, a person commits robbery if, in the
course of committing theft and with intent to obtain or maintain control of the
property, he intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (Vernon 2003). “In
the course of committing theft” means conduct that occurs in an attempt to commit,
during the commission, or in immediate flight after the commission of theft. Id. at §
29.01(1) (Vernon 2003).
          Appellant argues that the evidence was legally insufficient to support his
conviction because “[a]t most, the evidence adduced showed the commission of only
the misdemeanor theft of two purses.” In support of his argument, appellant notes
that the State failed to call a witness to “corroborate” the complainant’s testimony that
appellant “had made a threat that he had a gun.” Appellant also contends that Dr.
Gonzalez was a “totally incredible [sic] witness.” Appellant also directs our attention
to the fact that he “denied stating to anyone that he had a gun.”
          After examining the record, we conclude that a rational trier of fact could have
found, beyond a reasonable doubt, that appellant intentionally threatened or placed
the complainant in fear of imminent bodily injury or death. The complainant testified
that, during the commission of the theft, appellant told her that she “better open [the
locked] door because he had a gun.” The complainant further testified that
appellant’s threat made her “scared for [her] life,” and as a result, she unlocked the
door and hid under the reception counter. This testimony was sufficient to establish
that appellant intentionally threatened and placed the complainant in fear of imminent
bodily injury or death. As the exclusive judges of the facts, the credibility of the
witnesses, and the weight to be given their testimony, a jury may believe or disbelieve
all or any part of a witness’s testimony. McKinny v. State, 76 S.W.3d 463, 468-69
(Tex. App.—Houston [1st Dist.] 2002, no pet.). We will not substitute our judgment
for that of the fact-finder. Accordingly, we hold that the evidence was legally
sufficient to support appellant’s conviction.
          In regard to his factual sufficiency challenge, appellant merely reiterates that
the State failed to call a witness to “corroborate” the complainant’s testimony that
appellant “had made a threat that he had a gun,” that Dr. Gonzalez was a “totally
incredible [sic] witness,” and that appellant “denied stating to anyone that he had a
gun.”
          However, what weight to give contradictory testimonial evidence is within the
sole province of the jury, as it turns on an evaluation of credibility and demeanor. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). Thus, the jury was
free to believe or disbelieve all or any part of the testimony of the complainant, Dr.
Gonzalez, and appellant. A court of appeals must show deference to such a jury
finding. Id. at 409. Moreover, a jury decision is not manifestly unjust merely because
the jury resolved conflicting views of evidence in favor of the State. Id. at 410. Here,
the complainant testified that appellant told her that she “better open [the locked]
door because he had a gun” and the threat made her “scared for [her] life.” No other
evidence in the record outweighs the complainant’s testimony or otherwise
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination. Accordingly, we hold that the evidence was factually
sufficient to support a finding that appellant did place the complainant in fear of
imminent bodily injury or death.
          We overrule appellant’s fifth and sixth points of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).